IN THE DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
* * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CRIM. NO. 2021-08 |
| | ) | |
| JONNY CADENA OSORIO, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

JONNY CADENA OSORIO stands before the Court with no criminal history points. The non-violent drug offense he stands convicted of involved his role as a crewmember of a vessel which transported marijuana on the high seas outside the borders of the United States. For that offense, due to the weight of the marijuana, he is looking at a significant period of incarceration and faces a ten year mandatory minimum penalty without the safety valve. He will then be deported from the United States. Mr. Osorio accepted responsibility before this Court in a timely manner and stands ready for sentencing. As discussed herein, based on all applicable sentencing factors, a just sentence of forty-six (46) months is one based upon the guidelines sufficient to carry out the purposes set forth in 18 U.S.C. §3553(a).

## PROCEDURAL HISTORY

Mr. Osorio pled guilty to possessing a controlled substance with the intent to distribute while on board a vessel, in violation of 46 U.S.C. §§§§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(2), 70506(a) and 18 U.S.C. §2, pursuant to a plea agreement accepted by the District Court on September 14, 2021. Mr. Osorio is scheduled to be sentenced on February 18, 2022. The first presentence investigation report ("PIR") was prepared on September 3, 2021 and amended on

October 6, 2021. The base offense level was 30 based on a drug quantity of 1,000-3,000 kilos of marijuana. *See* U.S.S.G. §2D1.1(a)(5). He is a first-time offender with no prior criminal history and has been detained since March 27, 2021. According to Probation, Mr. Osorio's total offense level is twenty-three (23), he has a criminal history score of zero (0) and is in a criminal history category of one (I). His guideline range is 46-57 months without the safety valve. The amended PIR removed the safety valve benefit. The parties expect to proffer prior to sentencing so that Mr. Osorio will receive the safety valve benefit at §5C1.2. Once his sentence is completed, he will stay in administrative detention for some extended period of time and then will be deported to Nicaragua. A minimum sentence of forty-six (46) months will meet the § 3553(a) factors.

## I.    Nature and Circumstances of the Offense.

On March 27, 2021, a marine patrol aircraft was on patrol in international waters approximately 92 nautical miles off the coast of Isla de Malpelo, Columbia. Mr. Osorio was part of a two member crew operating a small vessel with no indicia of nationality. A United States Coast Guard cutter intercepted the vessel. The vessel contained approximately 1,587 kilos of marijuana which was field tested and later tested at a DEA laboratory. Mr. Osorio timely accepted responsibility for his conduct pursuant to a plea agreement. *See* PIR, ¶ 7-10, 28, 29.

## II.    Mr. Osorio's History and Characteristics.

Jonny Cadena Osorio was born on April 8, 1983 to parents Gustavo Cadena Osorio and Suleyma Holmes in Bluefields, which is the capital of the South Caribbean Autonomous Region of Nicaragua. Historically, Bluefields is a hotbed of conflict as the country's civil wars consumed the area and converted regular men, women and children into armed soldiers fighting for their survival. Mr. Osorio, like the majority of the residents in Bluefields were of Miskito descent and had lived for centuries on the lagoon. They rebelled against the abuses of the revolutionary leftist Sandinistas who gained power after the violent overthrow of the government following 40 years of brutal

dictatorship of the Somoza family. President Antonio Somoza was overthrown in 1979 and then assassinated while in exile in 1980. Political and verbal disputes accelerated into actual physical confrontations and eventually war in 1981. Sandinistas bombed villages and targeted churches, murdering women and children, forcibly removing non-combatants from their homes and into relocation camps, and committing thousands of atrocities as documented in the 1986 documentary ***Nicaragua Was Our Home***. By 1983, the year Mr. Osorio was born, the Revolutionary War had escalated the conflict between the Sandinistas and the Miskito and took the lives of hundreds. Due to these conflicts and an unstable economy, Mr. Osorio grew up very poor and was never given the opportunity to educate himself since he had to begin working on a farm at the age of 5 to help feed his family which included sixteen siblings. He also learned to fish to help provide the necessities. By the time he was a teenager, he had a panga boat and was fishing for lobster, shrimp, pompano and snapper. He was never going to rise above poverty level, but he was able to earn enough money to get married and start a family.

He is currently in a relationship with Maria Angelica Pineda Hernandez and has four children including a three year old daughter. His only purpose for becoming involved in this case was to provide for his family.



**III.     Sentencing Factors.**

In <u>Beckles v. United States</u>, 137 S.Ct. 886 (2017), <u>Rita v. United States</u>, 551 U.S. 338 (2007), <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007) and <u>Gall v. United States</u>, 552 U.S. 38 (2007), the Supreme Court made it clear that 18 U.S.C. § 3553(a) is the controlling sentencing law and rejected the devices that were used after *Booker* to maintain a *de facto* mandatory United States Sentencing Guideline system. An examination of 18 U.S.C. § 3553(a) is still appropriate. As set forth in <u>Rita</u>, this Court must engage in a classic guidelines and departure analysis followed by an exhaustive review of the section 3553(a) factors.  In determining that the sentence is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]" a district court must not apply a presumption of reasonableness to the calculated guideline range, but rather "must . . . consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." <u>Rita</u> at 364-65 (Stevens, J., concurring) (quoting <u>Koon v. United States</u>, 518 U.S. 81, 113 (1996)).  The court must make an individualized inquiry in drug cases.  <u>United States v. Collado</u>, 975 F.2d 985, 990 (3d Cir. 1992) as cited in <u>United States v. Whitted</u>, No. 19-2097, 2020 WL1487694 (3d Cir. 2020).

Here, Mr. Osorio was a crewmember on a vessel which contained approximately 1,587 kilos of marijuana headed for a foreign country.  if Mr. Osorio is given due consideration for timely acceptance of responsibility and the safety valve at §5C1.2, his total offense level is a 23 and a guideline range of 46-57 months. Once his sentence is completed, he will stay in administrative detention for some extended period of time and then will be deported to Nicaragua to resume providing for his family.  A minimum sentence of forty-six (46) months will result in a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing and Mr. Osorio asks for such a period of time to be imposed.

**CONCLUSION**

In this case, Mr. Osorio's true motive was not to break the law but to provide for the most important people in his life. Mr. Osorio is an uneducated 39 year old Nicaraguan man overwhelmed with a lifetime of poverty and war. He stands convicted of a crime by his own admission and was motivated purely for economic reasons. He is deserving of a just and fair sentence of forty-six (46) months.

Respectfully submitted,

*s/ Gabriel J. Villegas*
GABRIEL J. VILLEGAS, ESQUIRE
Senior Litigator
Office of the Federal Public Defender
4094 Estate Diamond Ruby, Suite 5
Christiansted, VI  00820
Tel: (340)773-3585
Gabriel_Villegas@fd.org