# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> <br><br> MORLIN M. JAENTSCHKE-CALERO, <br><br> Defendant. | Case No. 21-cr-00008-WAL-GWC |

## SENTENCING MEMORANDUM

**TO THE HONORABLE WILMA A. LEWIS**
**JUDGE OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO:**

**NOW COMES** Defendant **MORLIN M. JAENTSCHKE-CALERO** through the undersigned counsel and respectfully submits the following Sentencing Memorandum with respect to the upcoming sentencing hearing.

On February 24, 2022, Mr. Jaenstchke-Calero pled guilty to Count Two of a two-count Information pursuant to a written plea agreement under Rule 11(c)(1)(A). Count Two charges Possession of a Controlled Substance with Intent to Distribute While on Board a Vessel Subject to the Jurisdiction of the United States and Aiding and Abetting, in violation of 46 U.S.C. § 70502(c)(1)(A), 46 U.S.C. § 70503(a)(1), 46 U.S.C. § 70504(b)(2), 46 U.S.C. § 70506(a) and 18 U.S.C. § 2.

The parties agreed on a base **offense level of thirty (30)** under USSG Section 2D1.1(5) and (c)(5) (holding the defendant responsible for at least 1000 but less than 3000 kilos of marihuana)**.** Since Mr. Mr. Jaenstchke-Calero meets the criteria of USSG Section 5C1.2 (subdivision (1)through (5), (Limitations on Applicability of Statutory Minimum Sentences in Certain Cases) **a decrease of two levels is warranted. An additional decrease of two levels is warranted** under USSG Section 3B1.2(b) due to the defendant **minor participation** in the commission of the offense. Finally, **three levels are decreased** for acceptance of responsibility for an **adjusted offense level of 23.** *See Plea Agreement, Doc. 67, page 8.* A total offense level of 23 with a Criminal History Category of I yield a **Guideline Sentencing Range of imprisonment of 46 to 57 months. The parties agreed to recommend a sentence within the applicable guideline range.** *See Plea Agreement, page 10, paragraph b.*

The Presentence Investigation Report ("PSR") contained a similar guideline calculation and concluded that as to <u>Court Two</u>, the Total Offense Level is 23. *PSR, Doc. 74, page 7.* **A total offense level of 23 and Criminal History Category of I ( Mr. Jaenstchke-Calero has no prior conviction) yields a guideline range of imprisonment of 46 to 57 months**. *See PSR, page 11, paragraph 59.*

Although under 18 U.S. Code Section 3553 the court must consider a series of factors that include deterrence to criminal conduct, promote respect for the law, and protection of the public from further crimes, the court also shall impose

a **sentence sufficient, but not greater than necessary to comply with the goal of sentencing** and shall impose a sentence of the kind and within the guideline range unless the court finds that there exists an aggravating or mitigating circumstances of a kind, or to a degree, not adequately take into consideration by the Sentencing Commission that should result in a sentence different from that described. 18 U.S. Code Section 3553. The defense submits that a sentence of **no more than 46 months of imprisonment, the lower end of the applicable guideline range,** is a **reasonable sentence** and not more than necessary to comply with the goals of sentencing, considering the nature and circumstances of the offense and Mr. Jaenstchke-Calero personal history and characteristics.

As narrated in the PSR, Mr. Jaenstchke-Calero is 24-year old young man born and reared in Nicaragua. He was reared in an impoverish condition. The family worked in a farm and Mr. Jaenstchke-Calero had to start working when was a 7-year-old boy to assist in supporting the family. *PSR, page 8, paragraph 42.* He only finished 2nd grade when he went to work alongside his parents on a farm. *PSR, page 10, paragraph 52.*

For the last 6 years, Mr. Jaenstchke-Calero has been in a relationship with his common-law wife and has a two-year old child born out of their relationship. Mr. Jaenstchke-Calero's common law wife has two (2) other children from a previous relationship whom the defendant raised as his own. *PSR, page 9, paragraph 44.*

Mr. Jaenstchke-Calero accepted responsibility when interviewed by the probation officer. He explained that he had been unemployed since March 2021 and that prior to that, he was a fisherman but experienced hardship due to the COVID-19 Pandemic. *PSR, page 10, paragraph 54.* Prior to the pandemic, he was making a living and supporting his family working as a fisherman.

**Attached to the instant Memorandum** is a letter addressed to the court from Wendolis Willis, the defendant's, in which she provides details of his extraordinary family circumstances and his family's present economic situation. It also provides additional details of Mr. Jaenstchke-Calero's character and personal history. It shows that the defendant is a family oriented person who takes very seriously his family obligations and he represents the only source of income and support to many of his relatives.

The time Mr. Mr. Jaenstchke-Calero has spent in prison has generated a sense of introspection and self-awareness. At age 24, he has realized the monumental mistake he has made by participating in the offense for which he is being sentenced. Such recognition is an essential step in the path to rehabilitation. He, however, feels enthusiastic about the future and looks forward to get the most benefit from his incarceration.

Taking into consideration Mr. Jaentschke-Calero's personal history and characteristics; his extraordinary family circumstances; his peripheral role in the commission of the offense; the fact that this is his first encounter with the law;

the economic circumstances that drove him to engage in the offense conduct; the fact that upon serving his sentence he will be removed from the United States and barred from ever returning to this country; **a sentence of no more than 46 months of imprisonment**, the lower end of the applicable guideline range, fully accounts for all the offense conduct in this case. It **is a high sentence that is sufficient, but not greater than necessary, to comply with the goal of sentencing.** In addition, the supervise release term to be imposed would also constitute additional deterrence of any future criminal conduct if he ever decides to take the risk of returning to the United States.

**WHEREFORE** for the foregoing reasons Mr. Mr. Jaenstchke-Calero respectfully requests this Honorable Court to take notice and consider all the sentencing factors and information herein made available and that he be sentenced to **no more than 46** months **of imprisonment**.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this the 1st day of June, 2022.

/S/ Ramon M. Gonzalez
RAMON M. GONZALEZ
USDC # 202313
Law Office of RAMON M. GONZALEZ
P.O. Box 195493
San Juan, Puerto Rico 00919-5493
Tel: 787-593-8281/ 787-722-6930
E-mail: **rmgonzalezesq@gmail.com**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and exact copy of this document been on this same date filed through the Clerk of Court's electronic filing system which would electronically send copy of this document to all interested parties/attorneys.

/S/ Ramon M. Gonzalez
RAMON M. GONZALEZ